**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |   |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| v. | ) | Criminal No. 11-022 (ESH) |
| | ) | |
| **RICHARD LEE,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## **MEMORANDUM OPINION**

Defendant Richard Lee, proceeding *pro se*, has filed a petition for a writ of error *coram nobis* pursuant to 28 U.S.C. § 1651(a).  (Petition for Writ of Error Coram Nobis, Feb. 25, 2015 [ECF No. 65] ("Pet.").)  For the reasons stated herein, the petition will be denied.

## **BACKGROUND**

On February 4, 2011, defendant entered a plea of guilty pursuant to a plea agreement before Magistrate Judge Alan Kay to one count of armored car robbery in violation of 18 U.S.C. § 2113(a)(d), and 2, which was accepted by this Court on February 22, 2011.  (Order Adopting Report and Recommendation, Feb. 22, 2011 [ECF No. 39].)  Defendant's plea agreement advised him that this offense "carries a maximum penalty of 25 years of incarceration, a fine of $ 250,000, and a maximum term of supervised release of five years."  (Plea Agreement, Feb. 4, 2011 [ECF No. 36].)  On July 26, 2011, defendant was sentenced to 110 months imprisonment (with credit for time served) to be followed by 48 months of supervised release.  (Judgment in a Criminal Case, July 26, 2011 [ECF No. 55].)  Defendant noticed an appeal (Notice of Appeal, Aug. 5, 2011 [ECF No. 57]), but it was subsequently dismissed on defendant's own motion.  (Order, Nov. 18, 2011 [ECF No. 63].)

Now, almost four years later, defendant has filed a petition for writ of error *coram nobis* asking the Court to "expunge[] or terminate[]" his term of supervised release on the ground imposing a term of supervised release to follow a sentence of imprisonment is an "illegal split sentence" that violates the Double Jeopardy Clause of the United States Constitution. (Pet. at 5.) The Court sought a response from the government (*see* Minute Order, Feb. 26, 2015), which has now been filed. (*See* Gov't Opp'n to Pet., Mar. 23, 2015 [ECF No. 68].)

## DISCUSSION

At common law, "[t]he writ of *coram nobis* was available . . . to correct errors of fact . . . that affect the validity and regularity of the judgment." *United States v. Morgan*, 346 U.S. 502, 507 (1954). "It was allowed without limitation of time" and "was used in both civil and criminal cases." *Id*. Although now abolished in civil proceedings, *see* Fed. R. Civ. P. 60, federal courts retain the authority to grant a writ of error *coram nobis* in criminal proceedings under the All Writs Act, 28 U.S.C. § 1651(a).[1] *Morgan*, 346 U.S. at 510-11 (rejecting argument that enactment of 28 U.S.C. § 2255 "should be construed to cover the entire field of remedies in the nature of *coram nobis* in federal courts"); *United States v. Denedo*, 129 S. Ct. 2213, 2220-21 (2009).

It is frequently observed that the writ of error *coram nobis* is an "extraordinary remedy." *See Morgan*, 346 U.S. at 511 (relief "should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice"); *Denedo*, 129 S. Ct. at 2220 (writ is "an extraordinary tool to correct a legal or factual error"). Yet, as the Supreme Court has noted: "[i]n American jurisprudence, the precise contours of *coram nobis* have not been well defined." *Denedo*, 129 S. Ct. at 2220. In this Circuit, the "leading case" in defining the writ is

---

[1] The All Writs Acts provides: "The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a).

*United States v. Hansen*, 906 F. Supp. 688 (D.D.C. 1995).  *United States v. Williams*, 630 F. Supp. 2d 28, 32 (D.D.C. 2009).  The court in *Hansen* described the writ as "an equitable tool for federal courts to 'fill the interstices of the federal post-conviction remedial framework,'" through which "the federal judge who imposed a sentence has the discretionary power to set aside an underlying conviction and sentence which, for a valid reason, should never have been entered." *Hansen,* 906 F. Supp. at 692 (quoting *United States v. Ayala,* 894 F.2d 425, 428 (D.C. Cir. 1990)); *see also United States v. McCord,* 509 F.2d 334, 341 (D.C. Cir. 1974) (petition for writ "may collaterally attack only constitutional or jurisdictional errors or serious defects in the trial either not correctible on direct appeal or where exceptional circumstances justify the failure to appeal on those grounds").  In order to justify issuance of the writ, the petitioner must show that

> (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of the most fundamental character.

*Hansen*, 906 F. Supp. at 692–93.

Defendant claims that his term of supervised release should be vacated because it is an "illegal split sentence" imposed without Congressional authorization and in violation of the Constitution's Double Jeopardy Clause.  (Pet. at 2.)  More specifically, he contends that his term of supervised release is unlawful because 18 U.S.C. § 1853(a), which provides that a court "in imposing a sentence to a term of imprisonment for a felony or a misdemeanor, may include as a part of the sentence a requirement that the defendant be placed on a term of supervised release after imprisonment," is not a Congressionally-enacted statute but rather an exercise of executive authority.  (*See* Pet. at 2 ("Supervised Release was not authorized to be tacked on to a sentence of imprisonment.  Supervised Release is a separate type of restraint of liberty which constitutes

Double Jeopardy.  18 U.S.C. § 3583 is a noncongressional statue that has been created by the Executive Branch of government.")

At a minimum, defendant has failed to show a valid reason for not raising this argument earlier.  As none of the material facts or applicable laws have changed since defendant's conviction, he could have raised it in his direct appeal (which he voluntarily dismissed), or in a timely-filed motion pursuant to 28 U.S.C. § 2255.[2]  Accordingly, the Court rejects defendant's petition on the ground that he has shown no reason why he could not have attacked his conviction earlier on the same grounds.  *See Hansen*, 906 F. Supp. at 692–93.

In addition, defendant has failed to show fundamental error.  *See Williams* ("A showing of fundamental error is undoubtedly required to win *coram nobis* relief."); *see also United States v. Addonizio*, 442 U.S. 178, 186 (1979) ("*coram nobis* jurisdiction" exists only "in those cases where the errors were of the most fundamental character, that is, such as rendered the proceeding itself irregular and invalid").  Indeed, defendant has failed to show any error at all.  Defendant asserts that imposition of a term of supervised release constitutes "multiple punishments for the same offense" in violation of the Double Jeopardy Clause.[3]  *See Brown v. Ohio,* 432 U.S. 161, 165 (1977).  However, the Double Jeopardy Clause's protection against multiple punishments "is designed to ensure that the sentencing discretion of courts is confined to the limits established by the legislature." *Ohio v. Johnson,* 467 U.S. 493, 499 (1984).  Thus, "[b]ecause the substantive power to prescribe crimes and determine punishments is vested with the legislature, the question under the Double Jeopardy Clause whether punishments are multiple is essentially one of

---

[2] At this point, defendant would be procedurally barred by the one-year statute of limitations from proceeding under 28 U.S.C. § 2255.

[3] The Double Jeopardy Clause provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.

legislative intent." *Id*.  Here, Congress has expressly authorized federal sentencing courts to impose a term of supervised release as a part of the sentence for a felony or misdemeanor where a term of imprisonment is imposed.  *See* 18 U.S.C. § 3583(a).  Accordingly, defendant has not been subjected to multiple punishments in violation of the Double Jeopardy Clause.  *See Clayton v. Martinez*, No. CIV. 06-4047, 2006 WL 858977, at *1-2 (D.S.D. Mar. 31, 2006) (rejecting Double Jeopardy challenge to imposition of term of supervised release to follow term of imprisonment).  Defendant's attempt to avoid this conclusion by arguing that 18 U.S.C. § 3583(a) is "noncongressional statute" borders on frivolous.  Congress enacted the provision codified at 18 U.S.C. § 1853 as part of Public Law 98-473 on October 12, 1984.  *See* P.L. 98-473, Title II, § 212(a)(2).  Accordingly, the Court will also decline to issue a writ of error *coram nobis* on the ground that defendant has failed to show any error, much less error "of the most fundamental character."  *See Hansen*, 906 F. Supp. at 692–93.

## CONCLUSION

Accordingly, and for the reasons stated above, the Court will deny defendant's petition for a writ of error *coram nobis*.  A separate Order accompanies this Memorandum Opinion.

/s/    *Ellen Segal Huvelle*
ELLEN SEGAL HUVELLE
United States District Judge

Date:   March 26, 2015